UNITED STATES of America, Plaintiff,

v.

David S. ROSE and Sydney Rose, Defendants.

No. 96–CV–72370–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 6, 1997.

Jacqueline M. Hotz, Asst. U.S. Atty., Detroit, MI, for Plaintiff.

Frederick K. Hoops, Farmington Hills, MI, for Defendants.

### OPINION AND ORDER

DUGGAN, District Judge.

On February 7, 1997, this Court entered an Order granting plaintiff's motion for summary judgment as to liability, and referred the matter to Magistrate Judge Paul Komives, pursuant to 28 U.S.C. § 636(b)(1) for a determination of the amount of the judgment.[1] Magistrate Judge Komives issued a Report and Recommendation ("R & R") after a hearing on this matter on March 27, 1997. Defendants filed timely objections to the Magistrate Judge's R & R. Pursuant to 28

U.S.C. § 636(b)(1), the Court will make de novo determinations of those portions of the R & R to which defendants have objected.

Plaintiff brought this action to renew a dormant judgment, originally entered on February 7, 1984, on an unpaid Small Business Administration loan. In an Opinion issued in conjunction with the February 7, 1997 Order, this Court determined that the plaintiff's pursuit of a renewal of the 1984 judgment was undertaken by plaintiff in its sovereign capacity and therefore it was not subject to Michigan's ten year statute of limitations for the execution of judgments.

On the issue which was before the Magistrate Judge, the amount of the renewed judgment, plaintiff argues that the interest provision of the 1984 judgment is ambiguous and thus subject to construction by the Court. That provision reads as follows:

> [T]he United States [sic] summary judgment motion is granted as to defendants in the amount of $240,191.61 as of November 29, 1983 plus interest accruing at the rate of $52.35 per day.

*United States v. Rose,* No. 82–CV–71716 (E.D.Mich. Feb. 7, 1984)(Pratt, J.). Plaintiff argues that the interest rate cited in the Order, $52.35 per day, applies only to pre-judgment interest covering the period from November 29, 1983 through and including February 6, 1984, the day before the original judgment was entered. Plaintiff argues that as of the date of judgment, the statutory interest rate for judgments applies. *See* 28 U.S.C. § 1961(a). Plaintiff therefore calculates a total balance due on the 1984 judgment, including costs, fees, accrued interest and principle, less payments made by defendants, of $596,327.74.

Defendants argue that the plain, unambiguous language of the judgment provides that interest shall accrue, throughout the life of the judgment, at a rate of $52.35 per day. Defendants argue that the Court's use of the phrase "plus interest accru*ing* at the rate of $52.35 per day" signifies that the daily rate

---

1. The order of referral also sought recommendation from the Magistrate Judge as to the plaintiff's request for a 10% surcharge pursuant to the Federal Debt Collection Procedure Act, 28 U.S.C. § 3011(a). At the hearing held by the Magistrate Judge, plaintiff withdrew its request for the surcharge.

applies prospectively beyond the date of entry of the judgment. Defendants calculate a total balance due on the judgment of $338,-333.30.

The Magistrate Judge found the language of the 1984 judgment to be ambiguous and went on to construe the judgment as providing prejudgment interest at a rate of $52.35 per day and post judgment interest by application of 28 U.S.C. § 1961. The Magistrate Judge recommended entering judgment against defendants for $596,327.74, plus interest accruing according to the rate detailed in 28 U.S.C. § 1961. This Court agrees with the reasoning and conclusion of the Magistrate Judge.

■ Once a claim is reduced to a judgment, the original claim is extinguished, and a new claim, called a judgment debt, arises. Section 1961(a) governs the interest rate on this judgment debt. *Wilmington Trust v. Aerovias de Mexico*, 893 F.Supp. 215 (S.D.N.Y.1995). A single rule should govern interest on any such [judgment] debt, the nature of the original claim having become irrelevant. *United States v. Bank of Celina*, 823 F.2d 911, 917 (6th Cir.1986).

■ This Court concludes, as did the Magistrate Judge, that the most reasonable interpretation of the judgment entered February 7, 1984, is that the reference to "interest accruing" refers to the prejudgment interest which was "accruing" between November 29, 1983 and the date of the judgment, February 7, 1984. Interest on the judgment shall accrue pursuant to 28 U.S.C. § 1961. Therefore, for the reasons set forth herein and those set forth by the Magistrate Judge in his report and recommendation of March 26, 1997,

**IT IS ORDERED** that **JUDGMENT** is hereby entered in favor of plaintiff against defendants in the amount of $596,327.74 plus interest at the statutory rate of 9.87% from March 20, 1997 until August 6, 1997, the date of this judgment.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1961, interest will accrue on this judgment amount at the equivalent coupon issue yield rate for the auction held immediately prior to the date of this judgment.